OPINION OF THE COURT
Edward M. O’Gorman, J.
Plaintiff seeks a declaration that the requirement of the Orange County Department of Social Services that apartments offered for rental to recipients of public assistance be first inspected for the existence of violations of applicable health or safety regulations is unconstitutional, and plaintiff seeks an order enjoining the enforcement of said requirement. This action is currently pending on the Trial Calendar of this court.
Defendant seeks to dismiss the complaint for failure to state *54 a cause of action, to join a necessary party or to proceed pursuant to CPLR article 78.
A dismissal of the complaint is not the proper remedy to obtain the joinder of a necessary party to the action. However, the court is of the opinion that the City of Newburgh is not a necessary party to this action. It is not the method by which the city conducts such inspections or the fee charged for that service which are challenged in this action, but rather the right of the Department of Social Services to require such an inspection. The authority conferred upon the Department of Social Services in this regard is to be found in section 143-b of the Social Services Law. Pursuant to such statute, a public official may withhold the payment of rent in any case where he has knowledge that there exists or there is outstanding any violation of law in respect to the building containing the housing accommodations occupied by a person entitled to public assistance which is dangerous, hazardous or detrimental to life or health. The statute further requires the appropriate department to report any such violation to the Public Health Department, which may obtain and maintain current records of violations in buildings where welfare recipients reside which relate to conditions which are dangerous, hazardous or detrimental to life or health.
The Legislature has stated that the purpose of this statute is to correct certain evils and abuses which exist which have caused many tenants, recipients of welfare, to suffer untold hardships because certain landlords have been exploiting those tenants by failing to make ncesssary repairs (see L 1962, ch 997, § 1).
It is clear that section 143-b of the Social Services Law is constitutional (see Matter of Farrell v Drew, 19 NY2d 486).
It would seem clear, therefore, that the County of Orange is entitled to take all steps necessary, including inspections of any buildings in which welfare recipients will reside, to determine whether the condition of such buildings is dangerous or otherwise unsuitable for their occupancy.
Defendant’s motion to dismiss the complaint will be denied.
In view of plaintiff’s contention that the rule requiring inspection of sucb rental apartments has not been uniformly applied, and that in the application of such rule the county has discriminated against the plaintiff, there arises a question of fact which will require a hearing and the production of evidence to determine. The court hereby establishes the time *55 and place of such hearing as 10:00 a.m. on December 29, 1977, at the Orange County Government Center, Goshen, New York.